# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LOUIS CHARLES SHEPTIN, | CASE NO. 18cv2083-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** |
| vs. | |
| SAN DIEGO POLICE DEPARTMENT, et al., | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE.** |
| Defendants. | |

On September 7, 2018, Plaintiff Louis Sheptin filed this action against the San Diego Police Department, Allied Universal Security, and Path Connections Housing, alleging that the Defendants failed to protect him from an assault that occurred while he was living at a homeless shelter. Pending before the Court is his petition to proceed *in forma pauperis*.

**1. Background**

Plaintiff alleges he was attacked by a fellow resident while he was sleeping at the Path Homeless Shelter in San Diego. He recalls that someone attempted to take his wallet and then struck him over the head with an object. He woke up at UCSD Hospital some time later. He was treated for seizures and ultimately discharged, but he discovered the $300 in his wallet was missing. Following his discharge, he requested that Path staff investigate the assault and report it to the SDPD, which he claims they failed to do. He also alleges that

he personally called the SDPD dispatch line and attempted to report the incident, but the SDPD refused to send an officer to his location.

Plaintiff then filed this suit against the Defendants, asserting causes of action under 42 USC § 1983 and the Due Process Clause. Specifically, he accuses the SDPD of, among other things, failing to have sufficient units and failing to protect citizens. He also accuses Path staff of obstruction of justice and failing to discipline or remove the assailant from the shelter. The Complaint does not detail Defendant Allied Universal's role in the chain of events, but it appears Plaintiff believes Allied provided security at the shelter.

### 2. Motion to Proceed IFP

Sheptin's IFP application states that he is unemployed and that his only source of income is the $900 per month he receives in Social Security benefits. He also claims that he suffers from a variety of medical ailments, including Type II Diabetes, which puts strain on his already-limited means. The Court finds Sheptin is unable to pay the filing fee; therefore, his motion to proceed IFP is **GRANTED.**

When a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The standard for whether the plaintiff failed to state a claim upon which relief may be granted under section 1915(e)(2)(B) is the same standard applied for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the complaint must allege enough facts that, if true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, the court will assume the facts, but not the legal conclusions, to be true. *Id.* at 679. The Court will construe a pro se plaintiff's pleadings liberally, but will not supply elements of the claim that were not pleaded. *See Byrd v. Maricopa County Sherriff's Dept.*, 629 F.3d 1135, 1140 (9th Cir. 2011).

/ / /

### 3. §1983 and Due Process Claims

Although Plaintiff has sued three separate defendants, the only plausible bases for federal jurisdiction are his claims against the SDPD under § 1983 and the Due Process Clause. But Plaintiff fails to state a plausible claim of relief under either of those provisions. It is well established that "nothing in the language of the Due Process Clause … requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The Due Process Clause serves as a "limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* There are only two exceptions to this general prohibition against "failure to protect" claims: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception);" and "(2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Patel v. Kent School Dist.*, 648 F.3d 965 at 971–72. This same general prohibition has also been applied to claims brought under § 1983. *See, e.g., Lewis v. Cty. Of San Bernardino*, 2011 WL 6288100 at *3-6 (C.D. Cal.).

Plaintiff's Complaint must be dismissed because it alleges a general "failure to protect" and does not plead any facts that would give rise to an exception to that rule. Plaintiff alleges that he was assaulted at the Path shelter and woke up some time later with $300 missing from his wallet. His only allegations against the SDPD are that it (1) failed to send an officer to his location when he called to report this incident, (2) "fail[ed] to have sufficient units," and (3) failed "to protect San Diego citizens." Plaintiff pleads no facts that would show a "special relationship" existed between himself and the SDPD, nor that the SDPD affirmatively placed him in danger. As such, his claims against the SDPD must be dismissed.

Without his § 1983 and Due Process claims against the SDPD, Plaintiff's entire Complaint must be dismissed for lack of federal jurisdiction. Path Connections Housing and Allied Universal are private entities not subject to claims brought under § 1983 or the Due

Process Clause.  See Sutton v. Providence St. Joseph. Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).  Further, as pled, there is no diversity jurisdiction because the Plaintiff and at least one defendant (here, both the SDPD and Path Connections Housing) are California citizens.  28 USC § 1332.  The Complaint must therefore be dismissed in its entirety.

### 4. Conclusion

For the reasons set forth above, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**.  However, his Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and lack of subject matter jurisdiction.  FRCP 12(b)(1) and (6).  If Plaintiff believes he can correct the problems identified above, he may refile an amended complaint by **October 19, 2018**.

**IT IS SO ORDERED.**

Dated: 9-17-18

**HONORABLE LARRY ALAN BURNS**
United States District Judge